**Lewis HUGHES, Appellant,**

v.

**Chester C. NOBLE, Appellee.**

**No. 19064.**

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1961.

Meyer W. Perloff, Mobile, Ala., for appellant.

Jerry L. Coe, Asst. Atty. Gen. of Alabama, John E. Adams, Grove Hill, Ala., MacDonald Gallion, Atty. Gen., of Alabama, for appellee.

Before RIVES and WISDOM, Circuit Judges, and CARSWELL, District Judge.

PER CURIAM.

This action purports to be under 42 U.S.C.A. § 1983 for a deprivation of civil rights. The appeal is from a judgment sustaining a motion to dismiss the complaint. The complaint alleges that plaintiff lost control of his automobile

---

**496**

and ran off the highway into a ditch, with a result that his neck was broken; and, further, that: "the defendant without any just cause or provocation and under color of his authority as Sheriff of Clarke County, Alabama, then took the plaintiff into custody and placed him under arrest thereby causing plaintiff to be incarcerated in the County Jail of Clarke County, Alabama. The plaintiff was then locked in a cell and despite his repeated requests for medical attention it was denied him. The plaintiff was further denied the right to use a telephone to call a physician or anyone else to come attend to his injuries even though the plaintiff offered to and had the means of paying for said attention. The plaintiff was locked in his cell from to-wit: 10:30 P.M. on July 2, 1960, until to-wit: 11:30 A.M. on July 3, 1960, despite his repeated requests for medical attention and severe pain which he was forced to endure. Immediately upon his release the plaintiff sought medical attention and his injuries were diagnosed as two dislocated and one fractured cervical vertebrae. That the plaintiff was hospitalized and in traction for a period of fifteen (15) days after his release from the jail. That he was compelled to wear a brace about his neck for a period of five months which all resulted in his losing time from his work."

■ The complaint was far from a model of perfection, and the defendant could doubtless have successfully moved for a more definite statement. See Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A. Nonetheless, the purpose of pleading is to facilitate a proper decision on the merits.

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 1957, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80. This Court has held that test applicable to a complaint drawn under this same section. Lewis v. Brautigam, 5 Cir., 1955, 227 F.2d 124, 127, 55 A.L.R.2d 505.

It does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Monroe v. Pape, 1961, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492; Coleman v. Johnston, 7 Cir., 1957, 247 F.2d 273; Hardwick v. Hurley, 7 Cir., 1961, 289 F.2d 529. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.