**Clarence R. EDWARDS, Appellant,**

v.

**John B. DUNCAN, D. C. Commissioner, et al., Appellees.**

**No. 10469.**

United States Court of Appeals
Fourth Circuit.

Feb. 2, 1966.

There are no counsel of record for either appellant or appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and J. SPENCER BELL, Circuit Judges.

994

PER CURIAM.

Clarence R. Edwards, a federal prisoner at Lorton Reformatory, seeks leave to appeal in forma pauperis from an order of the United States District Court for the Eastern District of Virginia, Lewis, J., dismissing his suit for money damages and injunctive relief against several of his keepers without holding a hearing or calling for a response from the defendants.

■ We approach the question presented here having in mind the rule that:

a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.[1]

Edwards has alleged that he has suffered from a heart condition for the past three years for which the senior medical officer at Lorton prescribed a special diet and exemption from duty requiring considerable physical exertion. Defendant Rogers has willfully deprived him of this medical care and thereby caused him irreparable physical damage. Because he has officially complained of this treatment, Clemmer, Weakley and Phillips, all defendants, conspired against Edwards and maliciously caused him to be placed in solitary confinement, thereby further damaging his health by aggravating his heart condition. Edwards has also been the subject of abuse and pressure tactics by the defendants to force him to withdraw a suit against them now pending in the District Court for the District of Columbia. He has had his legal papers in connection with these suits seized and his short time release date set back by the defendants, and his access to the courts has been discriminatorily curtailed by defendant Weakley. These reprisals were results of Edwards' court actions against the defendants. Also, Edwards and nine other Negroes were confined in a 12′ x 10′ cell for thirty-six hours because of their objection to alleged racial segregation as practiced at Lorton.

The opinion of the District Court dismissed these claims as nonjusticiable because of Edwards' status as a prisoner and because a prison rule (Superintendent's Order No. 42), dealing with access to the courts, was not unreasonable. That order is not a part of the pleadings or otherwise appended to the record on appeal.

Edwards' complaint must fail, if at all, solely by a finding, as a matter of law, that the statements in the complaint, even if true, are not grounds for relief.[2]

The District Court's opinion is based on the hands-off doctrine,[3] which is a questionable absolutism in many areas today. This is especially true when a federal court is concerned with a federal prisoner where no problems of federal-state comity or exhaustion of state remedies exist.

■ We need not now decide whether a prisoner is entitled to every right not specifically taken away from him by law,[4] and to judicial inquiry into alleged deprivations of such rights. The hands-off doctrine operates reasonably to the extent that it prevents judicial review of deprivations which are necessary or reasonable concomitants of imprisonment.[5] Deprivations of reasonable medical care and of reasonable access to the courts are not among such concomitants, however. Prisoners are entitled to medical care[6] and to access to the courts.[7] Where there is no provision for administrative review of claims of unreasonable deprivations of

1. Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80.

2. Hughes v. Noble, 5 Cir., 295 F.2d 495.

3. Banning v. Looney, 10 Cir., 213 F.2d 771.

4. Coffin v. Reichard, 6 Cir., 143 F.2d 443, 445, 155 A.L.R. 143.

5. See Note, 72 Yale L.J. 506, 507.

6. Coleman v. Johnston, 7 Cir., 247 F.2d 273.

7. Cochran v. State of Kansas, 316 U.S. 255, 62 S.Ct. 1068, 86 L.Ed. 1453; Ex parte Hull, 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034.

such rights, those claims are certainly justiciable.[8] Where there is no administrative provision for an impartial resolution of factual issues underlying such claims, there is no alternative to judicial inquiry, even though many, or even most of such claims may be asserted irresponsibly.

■ The appeal will be docketed with leave to proceed in forma pauperis in this Court. The order of dismissal is vacated and the case remanded for further proceedings in the District Court.

Vacated and remanded.

---

8. See Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030.