William L. **ROBERTS**, as Administrator of the Estate of James O. Roberts, Deceased, Plaintiff-Appellant,

v.

James **ACRES** and the Village of Markham, a municipal corporation, Defendant-Appellee.

No. 73–1088.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1973.

Decided March 19, 1974.

Leo E. Holt, Arthur R. Waddy, Chicago, Ill., for plaintiff-appellant.

John G. Poust, Stephen E. Sward, Chicago, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, SPRECHER, Circuit Judge, and POOS, Senior District Judge.*

POOS, Senior District Judge.

This appeal is taken from the District Court's dismissal of plaintiff's amended complaint. Initially, plaintiff, as Administrator of the Estate of James O. Roberts, Deceased, filed a complaint purporting to state a cause of action arising under 28 U.S.C. Sec. 1343, 42 U.S.C. Sec. 1983, and the Fourteenth Amendment to the United States Constitution. Named in this suit as defendants were James Acres, individually, and the Village of Markham, a municipal corporation. Upon motion of the defendants, the complaint was dismissed; defendant, James Acres, being dismissed due to plaintiff's failure "to include any statement that points up a factual basis for relief under the federal claim."[1] The Village of Markham was dismissed in accordance with the Supreme Court's decision in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960).

Subsequent to the determination plaintiff filed an amended complaint addressed specifically to the individual defendant, James Acres, and attempting to correct those deficiencies which resulted in the earlier dismissal. The amendment alleges, inter alia, that at all pertinent times the defendant was a duly appointed, qualified and acting police officer of the Department of Police of the Village of Markham. As such the defendant was acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois, the County of Cook and the Village of Markham. That on or about January 12, 1971, defendant, acting with force and arms and without right or provocation, assaulted and shot plaintiff's decedent in so grievous a manner that he died as a direct and proximate result thereof. It is further alleged that at the time of the shooting plaintiff's decedent was not committing any crime nor had he committed any crime prior thereto; nor was there a warrant for his arrest, or any other process issued out of any court of competent jurisdiction. The complaint therefore concludes that as a direct result of defendant's acts under color of law, the plaintiff's decedent was executed without being afforded due process or the equal protection of the law as guaranteed to him under the Fourteenth Amendment to the United States Constitution.

Again the District Court dismissed plaintiff's complaint pursuant to defendant's motion, "the new pleading adds nothing of significance to the original pleading . . . it is subject to defendant's motion to dismiss."[2] This appeal is taken from that order.

Modern commentators adhere to the proposition that the Federal Rules of Civil Procedure sanctions "notice" pleading.[3] The complaint is designed to apprise the defendant of the incident out of which a cause of action arose and the general nature of the action. The rele-

* The Honorable Omer Poos, Senior Judge for the Southern District of Illinois, is sitting by designation.

1. Memorandum of Opinion and Order, Frank J. McGarr, U.S. District Judge, June 26, 1972.

2. Memorandum Opinion and Order, Frank J. McGarr, U.S. District Judge, December 11, 1972.

3. Although the characterization "notice" pleading has fallen into disrepute by some commentators. Wright and Miller, Federal Practice and Procedure: Civil Sec. 1202, page 63.

vant facts may be determined by discovery,[4] with the pleadings being liberally construed so as to do substantial justice and facilitate a proper decision on the merits. Hughes v. Noble, 295 F. 2d 495 (5th Cir. 1961). This rationale is explicated in judicial decisions construing the function of complaints and their sufficiency when attacked by a motion to dismiss.

"In appraising the sufficiency of a complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); see also Gruen Watch Co. v. Artists Alliance, 191 F.2d 700 (9th Cir. 1951) and Hughes v. Noble, *supra.*

On numerous occasions the Courts have specifically addressed the issue of the sufficiency of a civil rights complaint to withstand a motion to dismiss. It has oft been repeated that complaints under the Civil Rights Act are to be liberally construed. Eaton v. Bibb, 217 F.2d 446 (7th Cir. 1955); Birnbaum v. Trussell, 347 F.2d 86 (2nd Cir. 1965). This liberal construction by the Courts has led to the conclusion that the

"only elements which need to be present in order to establish a claim for damages under the Civil Rights Act are that the conduct complained of was engaged under color of state law, and that such conduct subjected the plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution of the United States."

Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962). It is with these principles and judicial proclivities in mind that the instant complaint is examined.

As hereinbefore noted the complaint alleges that at all times pertinent the defendant, James Acres, was a duly appointed and acting police officer for the Village of Markham. While acting under color of law and without right or provocation the defendant did assault James Roberts, plaintiff's decedent, the direct consequence of which was death. These allegations are sufficient to establish that defendant acted under color of state law, the first element required as per *Marshall, supra,* for an individual's conduct is engaged in under color of state law if clothed with the authority of the state and purporting to act thereunder, whether or not the conduct complained of was authorized or, indeed, even if it was proscribed by state law. Monroe v. Pape, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960); Screws v. United States, 325 U.S. 91, 111, 65 S. Ct. 1031, 89 L.Ed. 1495 (1946).

The plaintiff further alleges that the shooting by defendant occurred while decedent was not committing any crime nor had he committed any offense prior thereto, nor was there any process issued out of any court of competent jurisdiction. As a direct result of the conduct, under color of law, of defendant, James Acres, the plaintiff's decedent was killed without being afforded due process or equal protection of the law as guaranteed under the Fourteenth Amendment to the United States Constitution. It is readily apparent that the allegations contained herein set forth a deprivation of constitutional rights, for the Fourteenth Amendment prohibits state officials from taking life except in accordance with due process of law. Screws v. United States, *supra*; United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1965). Therefore, the second element necessary to state a cause of action under the Civil Rights Act is met by the instant complaint.

Accordingly, plaintiff's complaint has properly set forth those criteria neces-

---

4. Wright and Miller, Federal Practice and Procedure: Civil Sec. 1202.

sary to formulate a valid cause of action under the Civil Rights Act. As this Court stated in Hardwick v. Hurley, 289 F.2d 529, 530–531 (7th Cir. 1961),

"In Monroe v. Pape, the Court said that section 1979 (1983) should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions. This could be read to mean that in the opinion of the Supreme Court it wouldn't make any difference what purpose the officers had in striking or beating the plaintiff . . . In the case at bar, the complaint did state that the acts of the defendants constituted a violation of the Fourteenth Amendment."

In conformity therewith this case must be tried on its merits, dismissal of the complaint is inappropriate.

The defendant has cited numerous cases supporting the contention of dismissal in that the plaintiff has failed to allege sufficient facts to bring the complaint within the purview of Sec. 1983. It may simply be said that the cases cited exemplify to the extreme the deficiencies which a complaint may possess. Such infirmities range from those due to draftsmanship by a layman to those inherently encountered in the realm of conspiracy litigation. Suffice it to say that these cases are inapposite and are therefore of little precedent value for the case at bar.

▇ Finally, the Court addresses itself to the dismissal of the complaint pertaining to the defendant, Village of Markham. Under the rationale of Monroe v. Pape, *supra*, the District Court's order of dismissal was proper.

Accordingly we hold that the motion to dismiss the complaint against the Village of Markham was properly granted. However, the complaint should not have been dismissed against the individual defendant, James Acres; this judgment must be and is hereby reversed.