LIABILITY TO INMATES FOR MEDICAL CARE The Department of Corrections is liable to the University Hospital for services rendered to inmates from the various penal institutions under the control of the Department of Corrections. The Attorney General has received your request for an opinion wherein you, in effect, ask the following question: Is the Department of Corrections liable for services rendered by the University Hospital to inmates from the various penal institutions under the control of the Department of Corrections? Inmates who have been entrusted to the care and custody of the Department of Corrections must be provided adequate medical care — "Prisoners are entitled to medical care", 60 Am.Jur.2d, Penal and Correctional Institutions, 52 citing Edwards v. Duncan, 355 F.2d 993 (1966). That it is the clear and unequivocal duty of the Department of Corrections to provide adequate medical care to inmates of Oklahoma penal institutions likewise cannot be denied. Oklahoma Attorney General's Opinion No. 71-270 dated May 21, 1971 and addressed to the Department of Corrections contained the following language describing the duties of the Director of the Department of Corrections: "Included in this line of duties would be to see that the prisoners have proper and necessary medical care." Title 74 O.S. 581 [74-581] (1971) reads as follows: "That any department of the State government or any State institution may contract with any other department of State government or institution having under its control the personal services, labor and equipment, machinery or other facilities to perform needed work for or on behalf of the State or its subdivisions, department or institutions, when such work may be performed by the use of machinery, equipment, material and/or labor of the department or institution under its control contracting to furnish such service by the use of such facilities of its own, or those of any institution of the State under its control. The department or institution or subdivision obtaining and receiving such services shall pay or otherwise compensate the department or institution performing the work for the fair value thereof, including the cost of material used and proper compensation by payment or exchange for any personal services, labor, equipment and material employed in performing such work or services; which said funds shall be deposited in a special depository account to be kept separately from all other collections and may be expended by the departments, subdivisions or institutions performing the service services by voucher issued by said department or institution and drawn on the State Treasurer; provided, however, that when such services are performed by any department or institution having a revolving fund, such payments may be credited to and become a part of such revolving fund." (Emphasis added) A close reading of this statute reveals the clear legislative intent that each State agency pay its own way, either in cash or in kind, in its dealing with other State agencies. Title 15 O.S. 134 [15-134] (1971) reads as follows: "All contracts may be oral, except such as are specially required to be in writing." As 74 O.S. 581 [74-581] (1971) does not contain such a special requirement, it must be concluded that its application is not restricted to agreements which are reduced to writing, and would thus encompass certain oral agreements. The question then becomes whether or not the present and/or past working arrangement between the Department of Corrections and the University Hospital attains the level of an enforceable oral contract. We conclude that it does. By transporting prison inmates who are wards of the State incarcerated within various State institutions under its control to the University Hospital, and requesting medical attention for them, the Department of Corrections has tendered an offer. By the Hospital's rendering the requisite medical attention, it has accepted such offer. This offer and acceptance result in a contractual obligation in the nature of an open account maintained by the University Hospital for services rendered to said inmates at the request of the Department of Corrections. In addition to the contract rationale set forth above, equity and fundamental fairness dictate that the State agency with the final responsibility for providing adequate medical care and treatment to the inmates of the penal institutions of the State of Oklahoma, to-wit: the Department of Corrections, should be the State agency budgeting for and paying for such medical services. Nothing in this opinion should be construed as precluding the University Hospital and the Department of Corrections from entering into a contract to provide services to inmates of the State penal institutions for a sum certain per annum, or such other formalized arrangement as may be mutually acceptable, should such an approach — be deemed appropriate. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. The Department of Corrections is liable to the University Hospital for services rendered to inmates from the various penal institutions under the control of the Department of Corrections. (James R. Barnett)