James L. GREEAR, Appellant,

v.

W. R. LOVING, Individually and as Superintendent of Correctional Unit # 10, Virginia Department of Corrections, Appellee.

No. 75–1430.

United States Court of Appeals, Fourth Circuit.

Argued March 2, 1976.

Decided April 22, 1976.

Ralph S. Spritzer, Philadelphia, Pa. (court-appointed), for appellant.

Patrick A. O'Hare, Asst. Atty. Gen. (Andrew P. Miller, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

James L. Greear appeals from an order of the district court granting summary judgment in his suit against W. R. Loving, individually and as superintendent of a Virginia prison. In his pro se complaint, Greear alleged that the prison officials willfully and maliciously fired a tear gas device in his face at point-blank range, that their action was punitive and not for security purposes, and that he was denied adequate medical treatment. The district court properly recognized that Greear's complaint stated a cause of action under 42 U.S.C. § 1983 and allowed him to proceed in forma pauperis. Cf. *Edwards v. Duncan*, 355 F.2d 993 (4th Cir. 1966); *Landman v. Peyton*, 370 F.2d 135 (4th Cir. 1966); *Landman v. Royster*, 333 F.Supp. 621 (E.D.Va.1971). Ruling that the use of tear gas under the circumstances did not constitute cruel and unusual punishment and that the prisoner had received adequate medical care, it then granted the superintendent's motion for summary judgment. *Greear v. Loving*, 391 F.Supp. 1269 (W.D.Va.1975). Because the record presents genuine issues of material facts, we reverse and remand the case for further proceedings.

The pleadings and affidavits show that Greear, an inmate of correctional unit # 25, became violent and demanded medical attention. After five correctional officers subdued him, he was transferred to Unit # 10, where he was placed in an isolation cell. When his request to see a doctor was again denied, he began to destroy the contents of his cell, eventually setting fire to the mattress and bedclothes. After the guards used a water hose to extinguish the fire, Greear broke the windows and damaged his sink and plumbing. The officers then fired a 12-gauge tear gas shell into his cell. The next morning Greear was given a bowl of water and a cloth which which to wash himself, and he was moved to a new cell. He was taken to a doctor four days later.

The record discloses several material factual disputes between the parties. Greear alleges the tear gas was fired into his face at close range. The appellee denies this charge. Greear claims the tear gas was discharged to punish him for destroying property. The appellee insists that the tear gas was used because Greear presented a security risk. The parties also disagree about Greear's need for medical care. Greear alleges that the officers told him he could wash the tear gas off if the gas burns made him uncomfortable, but the superintendent contends that Greear was not burned.

The affidavits do not disclose why the prison officials failed to use lesser measures, such as locking Greear in a bare cell and removing his matches when it became

apparent that he was violent and emotionally disturbed. Similarly, it is unclear why Greear could not have been subdued by the use of means other than tear gas and why he could not have been removed from the gas filled cell shortly after the shell was fired. The record also fails to explain adequately the superintendent's assertion that no doctor was available from October 23, when Greear became mentally disturbed, until October 28.

Before summary judgment is granted, the moving party must show that there is no genuine issue as to any material fact, and all pleadings and supporting papers must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 693, 8 L.Ed.2d 176 (1962); Fed.R. Civ.P. 56(c). This principle is applicable even though the pro se complaint and supporting papers are inartfully drawn, *cf. Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

We decide nothing concerning the merits of Greear's claims. He has, however, demonstrated the existence of genuine issues of material facts. Accordingly, the judgment of the district court is vacated, and the case is remanded for trial.