Ernest AMELIO, Plaintiff,

v.

**YAZOO MANUFACTURING COMPANY
and Teledyne Wisconsin Motors,
Defendants.**

**No. 83 C 2945.**

United States District Court,
N.D. Illinois, E.D.

July 29, 1983.

---

Ronald G. Fleisher, Karlin & Fleisher, Ltd., Chicago, Ill., for plaintiff.

Kevin M. Murphy and James G. Hunter, Jr., Latham & Watkins, Hedlund, Hunter & Lynch, Chicago, Ill., for Teledyne Wisconsin Motors.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Ernest Amelio ("Amelio") has filed a motion to strike affirmative defenses asserted by Teledyne Industries, Inc. ("Teledyne," incorrectly named in the Complaint as Teledyne Wisconsin Motors) in conjunction with its Answer. Because Amelio has not timely filed a reply memorandum, this Court has dealt with the issues on Amelio's original motion and Teledyne's responsive memorandum (see this District Court's General Rule 13(B)). For the reasons stated in this memorandum opinion and order, Amelio's motion is granted in part and denied in part.

 Both sides have mistaken the issues somewhat, because they have ignored the fact this Court must look both to Illinois law [1] and to federal law [2] in resolving Amelio's motion:

---

1. This is a diversity action, and on the substantive issues of strict tort liability both sides agree the principles of *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941), direct all of us to Illinois law for the rules of decision.

2. As to pleading requirements in diversity cases, the Federal Rules of Civil Procedure

1. New Illinois case law, *Coney v. J.L.G. Industries, Inc.,* 97 Ill.2d 104, 73 Ill.Dec. 337, 454 N.E.2d 197 (1983), teaches that four of the "affirmative defenses"[3] advanced by Teledyne now operate to *reduce* a defendant's strict tort liability on a "comparative fault" basis, rather than *eliminating* defendant's liability altogether.

2. Federal pleading rules (because they are procedural) rather than Illinois law then take over to determine the propriety of pleading "affirmative defenses" for liability-reducing rather than liability-eliminating purposes.

That latter consideration, rather than the Illinois pleading principles argued by Teledyne, dictates the result here.

■■■ Under federal law affirmative defenses generally admit the matters in a complaint but nevertheless assert facts that would *defeat* recovery. See *Bobbitt v. Victorian House, Inc.,* 532 F.Supp. 734, 736–37 (N.D.Ill.1982) and authorities cited there; *Burlington Northern R.R. Co. v. JMC Transport, Inc.,* 567 F.Supp. 389, 393 (N.D. Ill.1983).[4] That is why Rule 8(c) lists "contributory negligence" as an affirmative defense: Rule 8(c) reflects the older law under which a plaintiff's negligence meant plaintiff lost the case no matter where the balance of fault lay. Under the current Illinois case law regime, however, *neither* Amelio's negligence nor the other "affirmative defenses" under discussion here would *bar* recovery—both would simply enter into the calculus of fault. That substantive change in governing Illinois law mandates corresponding changes in how federal litigants plead contributory negligence and other elements of a plaintiff's own fault, however characterized. Accordingly this Court strikes each of Teledyne's First,

Fourth, Fifth and Sixth Affirmative Defenses in their entirety.

Some added comments as to those "affirmative defenses" are in order:

1. Teledyne's first "defense" states alternatively "plaintiff's own negligence was the sole and proximate cause of . . . his alleged injuries." True enough, if established that *would* defeat Amelio entirely. Nonetheless it is not a federal affirmative defense because it does not admit the allegations of Amelio's Complaint. If the jury found as Teledyne states, Amelio simply would have failed to prove necessary elements of his claim: the unreasonably dangerous product and the injuries *it* proximately caused.

2. To the extent any of the other "defenses" similarly imply total fault on Amelio's part and none on Teledyne's, the same comment applies.

3. Neither party will be prejudiced by elimination from Teledyne's pleadings of the four "defenses":

(a) Because the pleadings themselves will not go to the jury, there is no prejudice to Teledyne from such omission. *Evidence* raising the issues will of course be presented to the jury.

(b) Amelio will suffer no prejudice because he is on notice that his own conduct will be at issue in the case.

Thus the striking of the "affirmative defenses" is largely a matter of formalism. No substantive consequences follow from it.

■■■ As for Teledyne's other affirmative defenses (statute of limitations; laches, waiver and estoppel), Amelio's objections are wholly without merit. Under the Rules, notice pleading concepts apply to defenses just as to complaints. Although it might have been better practice to identify just

---

("Rules") control. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); 5 Wright and Miller, *Federal Practice and Procedure: Civil* § 1204.

**3.** These are Amelio's own negligence (First Affirmative Defense), assumption of risk (Fourth Affirmative Defense), misuse of Teledyne's sit-

down lawnmower (Fifth Affirmative Defense) and Amelio's own acts or omissions (Sixth Affirmative Defense).

**4.** This opinion will plagiarize freely from this Court's recent treatment of the issue in *Burlington.*

# 694

what limitation period is claimed to apply,[5] Amelio may obtain that information by interrogatories or any other means of discovery. And of course the same may be said as to the particulars of the other defenses.

### Conclusion

Teledyne's First, Fourth, Fifth and Sixth Affirmative Defenses are stricken, without prejudice to the assertion of the same issues by way of proof and argument at trial. Amelio's motion to strike Teledyne's Second and Third Affirmative Defenses is denied.

---

**5.** See the Fourth Defense in Form 20 of the Appendix of Forms to the Rules, incorporated by reference through Rule 84.

