**Arlean TALLEY and Tiara Struble, Plaintiffs,**

v.

**LEO J. SHAPIRO & ASSOCIATES, INC., Survey Center, Inc., George Rosenbaum, Phillip Johnson, and Matthew Smith, Defendants.**

**No. 88 C 3267.**

United States District Court, N.D. Illinois, E.D.

April 28, 1989.

Donald E. Whitney, Chicago, Ill., for plaintiffs.

Sidney L. Rosenfeld, Jeffrey H. Bunn, Rosenfeld & Elliot, Ltd., Chicago, Ill., for defendants Leo J. Shapiro & Associates, Inc. and George Rosenbaum.

Thomas F. Tobin, III, Loretta M. Griffin, Elliot R. Schiff, O'Connor & Schiff, Chicago, Ill., for defendants Survey Center, Inc. and Phillip Johnson.

## ORDER

BUA, District Judge.

Plaintiffs in this action claim that defendants have engaged in a host of racially discriminatory employment practices in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendants, arguing that plaintiffs have failed to state a claim upon which relief can be granted, have moved to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, defendants' motion to dismiss is granted in part and denied in part.

## FACTS [1]

Plaintiff Arlean Talley is a former employee of defendant Leo J. Shapiro & Associates, Inc. ("Shapiro"), a corporation in the business of collecting, analyzing, and reporting market research data for its clients. Talley worked for Shapiro from October 1981 to October 1986. Plaintiff Tiara Struble was formerly employed by defendant Survey Center, Inc. ("Survey Center"). Struble worked for Survey Center from April 1986 to August 1987. Survey Center, a wholly-owned subsidiary of Shapiro, compiles market survey information for Shapiro. Defendants George Rosenbaum, Phillip Johnson and Matthew Smith were, at all times relevant to this action, corporate officers of both Shapiro and Survey Center.

In their Third Amended Complaint, plaintiffs, who are black, allege that they were subjected to various acts of racial discrimi-

nation during the time they were employed by Shapiro and Survey Center. For example, Struble avers that she was hired at a pay rate less than that paid to white employees in similar positions. Struble, who was responsible for hiring telephone survey workers, also maintains that she was often told by defendants that she was hiring too many blacks. Talley and Struble further claim that over the past several years defendants have engaged in widespread racially discriminatory employment practices which have denied equal employment opportunities to blacks. Plaintiffs' Third Amended Complaint contains a long list of these discriminatory employment practices, which include:

A. Denying qualified black persons equal opportunity to employment in all positions;

B. Maintaining a promotion system which locks black persons into discriminatory assignments and which denies them equal opportunity for promotion;

\* \* \* \* \* \*

E. Providing medical benefits to employees on the basis of race;

\* \* \* \* \* \*

G. Disciplining (sic) black persons on a discriminatory basis by stringently applying rules and regulations to them, while ignoring and waiving such rules and regulations with respect to white persons;

\* \* \* \* \* \*

L. Laying off, and discharging black employees on a discriminatory basis.

To redress the injuries allegedly caused by these discriminatory practices, plaintiffs have asserted civil rights claims under § 1981 and Title VII. Talley and Struble bring these claims in the form of a class action "on behalf of all present and former Black employees and all past and potential Black applicants for employment at all offices, operational sites, and subsidiaries of Shapiro and Survey Center." In addition, Talley and Struble assert separate claims

---

**1.** For the purpose of resolving this motion to dismiss, this court must accept as true the factual allegations in plaintiffs' Third Amended Complaint. *Gomez v. Illinois State Board of Education,* 811 F.2d 1030, 1039 (7th Cir.1987).

for intentional infliction of emotional distress. In their prayer for relief, Talley and Struble request the court to award compensatory and punitive damages as well as equitable relief in the form of reinstatement, back pay, and an injunction enjoining defendants from engaging in the discriminatory employment practices set forth in the complaint.

## DISCUSSION

■ Defendants' first argument in support of their motion to dismiss is that the complaint does not contain a sufficient factual foundation for plaintiffs' § 1981 and Title VII claims. This argument is easily rejected. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief ..." The allegations must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). In the instant case, plaintiffs' allegations meet these requirements. Although the complaint is not factually detailed, the § 1981 and Title VII allegations are sufficient to put defendants on notice of the basis for plaintiffs' claims and to permit defendants to submit adequate responsive pleadings. Therefore, the complaint meets the liberal "notice pleading" standard contained in the federal rules.[2]

■ Defendants' second argument challenges the sufficiency of plaintiffs' class action allegations. Defendants maintain that these allegations should be dismissed because they fail to establish all of the requisite elements of a class action. At this juncture, however, it would be premature to determine whether plaintiffs should be permitted to maintain a class action. Under Rule 23(c) of the Federal Rules of Civil Procedure, the court shall determine whether a suit is to be maintained as a class action "as soon as practicable after the commencement of the action." Although the "practicable" time for determining the maintainability of a class action varies from case to case, usually the determination should be predicated on more than the information contained in the complaint. *Doctor v. Seaboard Coast Line Railroad Co.*, 540 F.2d 699, 707 (4th Cir.1976) (*citing Huff v. N.D. Cass Company*, 485 F.2d 710, 713 (5th Cir.1973)). *See also Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982); *Weathers v. Peters Realty Corporation*, 499 F.2d 1197, 1200 (6th Cir.1974). In the instant case, the lawsuit is in its infancy and no discovery has been conducted. Moreover, the allegations in the complaint do not contain extensive factual detail. Under these circumstances, the court finds it too early to rule on the maintainability of plaintiffs' class action. *See Oxman v. WLS–TV*, 595 F.Supp. 557, 561–62 (N.D.Ill.1984) (refusing to strike or dismiss plaintiff's "skeletal" class action allegations because no discovery had been completed). Therefore, defendants' motion to dismiss the class action allegations for failure to establish the requisite class action elements is denied.[3]

■ However, the court agrees with defendants that some of plaintiffs' class action allegations must be dismissed on standing grounds. Specifically, since Tal-

---

**2.** Defendants' reliance on *Frazier v. Southeastern Pennsylvania Transportation Authority*, 785 F.2d 65 (3d Cir.1986), is misplaced. The *Frazier* court acknowledged that the Third Circuit has adopted a rule increasing the degree of factual specificity required to state a claim in civil rights cases. No such rule has been adopted by the Seventh Circuit. *See Roberts v. Acres*, 495 F.2d 57, 58–59 (7th Cir.1974) (applying "notice pleading" standard to a § 1983 action).

**3.** Of course, plaintiffs still bear the burden of establishing each of the requirements for class

certification. *General Telephone Co. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed. 2d 740 (1982); *Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir.1976). If, after a reasonable amount of discovery, plaintiffs fail to establish each of the elements set forth in Rule 23, the court will deny class certification. Furthermore, since Rule 23(c) requires the court to resolve the certification issue "as soon as practicable," the court will decide that issue *sua sponte* should plaintiffs fail to move for class certification within a reasonably prompt period.

ley and Struble were hired, respectively, by Shapiro and Survey Center, neither named plaintiff has standing to assert claims on behalf of persons who were not hired by defendants. *See Badillo v. Central Steel & Wire Co.,* 495 F.Supp. 299, 305–06 (N.D. Ill.1980). *See also Fields v. Village of Skokie,* 502 F.Supp. 456, 460 (N.D.Ill.1980). Therefore, plaintiffs' Title VII and § 1981 claims are dismissed to the extent that they are brought "on behalf of ... all past and potential Black applicants for employment ... of Shapiro and Survey Center."

■ Defendants' motion to dismiss also raises a number of arguments challenging plaintiffs' Title VII claim. As a preliminary matter, defendants correctly point out that Talley cannot assert a claim under Title VII. Since Talley did not file a timely charge with the Equal Employment Opportunity Commission ("EEOC"), she is barred from recovery under Title VII. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). Struble, on the other hand, filed a timely EEOC charge on September 19, 1988. Therefore, defendants acknowledge that Struble satisfies the EEOC filing prerequisite.

Nevertheless, defendants argue that Struble's Title VII claim is defective in several respects. Defendants first argue that Struble's Title VII claim improperly names Shapiro, Rosenbaum, Johnson and Smith as defendants. Defendants maintain that since Survey Center is the only party named in Struble's EEOC charge, Survey Center is the only proper defendant to Struble's Title VII claim. Defendants' argument is based on Section 706 of Title VII, 42 U.S.C. § 2000e–5(f)(1), which provides that "a civil action may be brought against [any] respondent named in the [EEOC] charge." Section 706 has been construed as establishing the general rule that only persons named in the EEOC charge can be subject to civil suit under Title VII. *See LeBeau v. Libbey–Owens– Ford Company,* 484 F.2d 798, 799 (7th Cir.1973). This rule has served the two-fold purpose of providing notice to the charged party and ensuring that all rele-vant parties are brought before the EEOC so that the agency may attempt to secure voluntary compliance with the statute. *Bowe v. Colgate–Palmolive Co.,* 416 F.2d 711, 719 (7th Cir.1969).

■ The general rule, however, is not inflexible. In some instances, a party not named as a respondent in an EEOC charge may be sued in a Title VII action in federal court. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710 (1982). In *Eggleston,* the Seventh Circuit held that where the purposes of the EEOC filing requirement are met, rigid application of the requirement is unnecessary. *Id.* The *Eggleston* court applied the four-part test set forth in *Glus v. G.C. Murphy Co.,* 562 F.2d 880 (3d Cir.1977) ("Glus I"), to determine whether an exception to the general rule should be made. Under the *Glus* test, whether a plaintiff's failure to name a defendant in an EEOC charge precludes the plaintiff from subsequently bringing a Title VII action against that defendant depends on the following factors:

(1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;

(2) whether, under the circumstances, the interests of a named party are so similar to the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;

(3) whether [the unnamed party's] absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;

(4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus,* 562 F.2d at 888. This four-pronged test is not a mechanical one; rather, the factors are to be applied with the remedial purposes of Title VII in mind. *Glus v. G.C. Murphy Co.,* 629 F.2d 248, 251 (3d Cir.1980), *vacated on other grounds,* 451

U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981) ("*Glus II*"). EEOC charges should be read liberally in light of the fact that they are often filed without the assistance of counsel by lay persons who have no knowledge of the technical subtleties or the significance of pleadings. *Eggleston*, 657 F.2d at 906. *See also Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir.1987).

■ Under these guidelines, examination of the *Glus* factors reveals that Rosenbaum, Johnson, Smith, and Shapiro are proper defendants to Struble's Title VII claim. Since Survey Center is a wholly-owned subsidiary of Shapiro, and since Rosenbaum, Johnson, and Smith are corporate officers of both Survey Center and Shapiro, there is a substantial similarity of interests among the defendants. *See Eggleston*, 657 F.2d at 906, 908; *Goodman v. Board of Trustees of Community College District 524*, 498 F.Supp. 1329, 1333–34 (N.D.Ill.1980). *See also Bernstein v. Consolidated Foods Corp.*, 622 F.Supp. 1096, 1107–08 (N.D.Ill.1984). Moreover, although Struble probably could have discovered the unnamed defendants' roles in the discrimination at the time she filed her EEOC charge, it is doubtful that the absence of the unnamed defendants resulted in any prejudice to them or rendered the EEOC's conciliation proceedings less effective. *See Eggleston*, 657 F.2d at 908. Accordingly, even though Shapiro, Rosenbaum, Johnson, and Smith are not named in Struble's EEOC charge, the court will not dismiss them from Struble's Title VII action.[4]

■ Defendants also argue that Struble's Title VII claim is defective in that it reaches beyond the scope of Struble's EEOC charge. Specifically, defendants maintain that a number of the discriminatory practices which the complaint alleges defendants committed are not set forth in Struble's EEOC charge. Defendants maintain that these discriminatory practices cannot, therefore, serve as a basis for Struble's Title VII claim.

The court, however, finds that the language of Struble's EEOC charge is broad enough to permit Struble's assertion of all the discriminatory employment practices enumerated in the complaint. In order to effectuate the remedial purposes of Title VII, courts have adopted a liberal standard for determining what discrimination claims may be brought based on the EEOC charge. *Babrocky v. Jewel Food Co. & Retail Meatcutters Union, Local 320*, 773 F.2d 857, 864 (7th Cir.1985). "[T]he [Title VII] complaint ... may properly encompass any ... discrimination like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164, 167 (7th Cir.) (*quoting Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976)). In the instant case, Struble's EEOC charge provided in part:

> During my employment, I had been subjected to unequal terms and conditions of employment, to include, but not limited to, denial of promotional opportunities, differences in insurance benefits and vacation privileges, and lack of direct client contact.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> I believe I was discriminated against because of my race, Black, in terms and conditions of my employment.

Liberally read, these allegations encompass all of the discriminatory practices listed in the complaint, each of which relates to the terms and conditions of Struble's employment. Therefore, contrary to defendants' argument, each of the discrimination practices listed in the complaint constitutes a proper predicate for Struble's Title VII claim.

■ Defendants' final argument with respect to Struble's Title VII claim challenges Struble's right to recover injunctive

---

4. To reiterate, the court's ruling on this issue is premised on the facts contained in the complaint. If defendants believe that discovery establishes information which affects how the *Glus* factors are balanced, defendants are free to reargue this issue in a motion for summary judgment. *See Haag v. Board of Education*, 655 F.Supp. 1267, 1273 (N.D.Ill.1987).

relief and punitive damages under Title VII. Defendants' contention that Struble cannot recover injunctive relief is meritless. The language of Title VII expressly provides that Title VII plaintiffs may recover equitable remedies such as reinstatement and back pay. 42 U.S.C. § 2000e-5(g). Hence, these remedies are available to Struble if she prevails on her Title VII claim. On the other hand, defendants are correct in arguing that Struble cannot recover punitive damages under Title VII. The Seventh Circuit has made clear that punitive and compensatory damages are not available under Title VII. *Bohen v. City of East Chicago,* 799 F.2d 1180, 1184 (7th Cir.1986). However, while the complaint is somewhat ambiguous on this point, plaintiffs' prayer for punitive damages appears to be based on their claims for intentional infliction of emotional distress, not on their Title VII claim. Therefore, the court will not strike plaintiffs' prayer for punitive damages. Instead, the court merely dismisses Struble's Title VII claim to the extent, if any, that Struble seeks punitive damages under Title VII.

The last argument defendants raise in their motion to dismiss pertains to plaintiffs' pendent claims for intentional infliction of emotional distress. The requisite elements of a claim for intentional infliction of emotional distress are: (1) extreme and outrageous conduct; (2) intent by the defendant to cause or a reckless disregard of the probability of causing emotional distress; (3) severe and extreme emotional distress suffered by plaintiff; and (4) an actual and proximate causation of emotional distress by the defendant's outrageous conduct. *Tobias v. Winkler,* 156 Ill.App.3d 886, 109 Ill.Dec. 211, 217, 509 N.E.2d 1050, 1056 (1987). Defendants, arguing that none of the allegations in the Third Amended Complaint rise to the level of "extreme and outrageous" conduct, maintain that plaintiffs cannot satisfy the first element.

The court disagrees. Plaintiffs allege that defendants "harass[ed]" and "denigrat[ed]" black employees because of their race and "implement[ed] cruel and retaliatory policies and actions" against black employees. These allegations, although unclear as to defendants' specific acts, are nevertheless broad enough to leave open the possibility that defendants' conduct was sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress. In other words, defendants have failed to establish that "no relief could be granted under any set of facts that could be proved consistent with the allegations set forth in [the] pleading." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Therefore, defendants' motion to dismiss plaintiffs' pendent claims must be denied.

### CONCLUSION

For the foregoing reasons, plaintiffs' class action allegations are dismissed to the extent that plaintiffs purport to state a claim on behalf of past and potential applicants for employment of Shapiro and Survey Center. Plaintiffs' Title VII claim is dismissed to the extent, if any, that plaintiffs seek punitive damages under Title VII. In addition, Talley is dismissed from the Title VII claim. In all other respects, defendants' motion to dismiss is denied.

IT IS SO ORDERED.