**Elizabeth CARPENTER, Plaintiff,**

v.

**FORD MOTOR COMPANY, a Delaware Corporation, Frank Stafford, Central Manager, Jerry Franklin, Statistical Process Control Coordinator, Jack Bookhout, Vehicle Evaluation Manager, and Jack Creen, Supervisor of Industrial Relations, Defendants.**

**No. 90 C 5822.**

United States District Court, N.D. Illinois, E.D.

Feb. 25, 1991.

Edward R. Theobald, Russell J. Luchtenburg, Law Office of Edward R. Theobald, Chicago, Ill., for plaintiff.

Barrie Laine Brejcha, Gerald L. Maatman, Jr., John Michael Murphy, Baker & McKenzie, William Joseph Linklater, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This matter comes before the court on the plaintiff's motion to strike the defendants' three affirmative defenses. For the following reasons, defendants' second affirmative defense is stricken, however, defendants' first and third affirmative defenses are not.

## BACKGROUND

On September 19, 1990 Plaintiff Elizabeth Carpenter filed suit in the Circuit Court of Cook County against Defendants Ford Motor Company, Frank Stafford, Jerry Franklin, Jack Creen, and Jack Bookhout. Counts I and II of the complaint allege violations of Title VII. Count IV alleges a common law complaint for breach of contract. Count III, which is the subject of this memorandum, alleges a common law claim for Intentional Infliction of Emotional Distress.

Carpenter was employed at Ford's Torrence Avenue Plant, in Chicago, from November of 1969 until June 20, 1989. In

1985 Carpenter filed a sex discrimination suit against Ford, alleging denial of promotions and overtime, lower salary than a male with the same job duties, and sexual harassment by the assistant plant manager. In January of 1989 Carpenter and Ford settled that suit. In return for a promotion and a $50,000 cash payment, Carpenter agreed to dismiss the suit and refrain from filing further suits based on these previous events. As part of the settlement Ford acknowledged no violation of Title VII, either by the company or by the two other named defendants, Robert Stevenson and Richard Ross.

The present suit arises from incidents which Carpenter alleges were retaliatory moves against her by the defendants, as a result of her success in the previous action. These events occurred between January, 1989 and June, 1989, with a substantial portion of them occurring in a three month period from January to April of that year. During this time Carpenter alleges that Defendants Stafford, Bookhout, and Franklin intentionally harassed her by, among other things: requiring her to answer telephones; interrupting her conversations with other employees; prohibiting her from attending meetings or submitting reports under her own name; attempting to overload her with extra assignments, while refusing to allow her overtime; assigning her work which was not included in her job description; screaming at her; refusing to let her put her lunch in the refrigerator; and refusing to let her polish her fingernails at the office before work.

As a result of these events Carpenter allegedly developed various illnesses including severe sinus problems, headaches and backaches, numerous gastrointestinal problems, and other stress related problems which required her taking a medical leave of absence on April 9, 1989. Carpenter alleges that while she was on leave Ford had her under surveillance, and that unidentified agents of Ford told people who knew her that Carpenter was a criminal. Carpenter alleges that these events greatly increased her emotional stress, humiliated her, and were undertaken for the purpose of harassing her. On April 13, 1989 Carpenter filed a verified charge of sexual harassment with the Equal Employment Opportunity Commission.

Upon returning to work on May 15, 1989 Carpenter alleges that she was suspended by defendants Stafford, Franklin, Bookhout, and Creen, without cause, for the purposes of retaliation and harassment. On June 20, 1989 Carpenter was terminated in alleged continuation of this retaliatory and harassing activity.

Upon losing her job, the plaintiff filed suit against her employer and certain employees. On February 8, 1990 this court dismissed Count III of the plaintiff's complaint for failure to state a claim upon which relief can be granted. Now, plaintiff moves to strike the defendants' three affirmative defenses.

## DISCUSSION

In support of her motion, the plaintiff first argues that the defendants' first affirmative defense, which claims that the plaintiff failed to mitigate her damages, is improperly pled as it requests a set-off from liability and speculates wages that the plaintiff could have earned. Next, plaintiff moves to strike the defendants' second affirmative defense of "unclean hands" as inapplicable to Title VII claims. Finally, plaintiff moves to strike the defendants' third affirmative defense that their failure to perform their obligations under the settlement agreement was attributable to the plaintiff's own failure to perform her obligations. Plaintiff contends that this defense is simply a denial of the allegations in the complaint.

In response, the defendants argue that (1) failure to mitigate damages is a proper affirmative defense, (2) "unclean hands" is a proper equitable defense, and (3) the third affirmative defense is not a denial of the allegations in the complaint, but rather, an excuse for any nonperformance by the defendants of their contract obligations.

### Legal Standard

█ Federal Rule 12(f) gives a court the authority to strike "any insufficient defense or any redundant, immaterial, imper-

tinent or scandalous matter." Fed.R.Civ.P. 12(f). The rule is an appropriate tool for weighing the legal implications to be drawn from undisputed facts and for streamlining litigation. *See United States v. 416.81 Acres of Land,* 514 F.2d 627, 631 (7th Cir. 1975). However, such motions are not favored and may be granted only if the defense is patently defective and could not succeed under any set of circumstances. *Continental Illinois National Bank and Trust Company of Chicago v. United States Dept. of Commerce,* No. 87 C 8439, slip op. at 6, 1990 WL 133216 (N.D.Ill. September 12, 1990) (citations omitted). "A defense should not be stricken if it is sufficient as a matter of law or if it fairly presents questions of law or fact that the court should hear." *Id.,* citing *Lirtzman v. Spiegel, Inc.,* 493 F.Supp. 1029, 1031 (N.D. Ill.1980). In determining whether the challenged defenses are legally sufficient, we will accept as true the defendants' factual allegations.

### The Affirmative Defenses

Defendants make the following three affirmative defenses in their answers to the plaintiff's complaint:

1. That with respect to plaintiff's claim for monetary relief under Title VII, defendants are entitled to a set-off from any potential liability in the amount equal to the sums earned by the plaintiff since her termination or which plaintiff could have earned had she exercised reasonable diligence to mitigate her damages.

2. That with respect to plaintiff's claim for equitable relief under Title VII, such equitable relief is barred on the basis that plaintiff comes to this Court with unclean hands. Prior to the termination of plaintiff's employment with FORD, plaintiff defrauded FORD by falsifying the circumstances relating to her leave of absence. Because of her fraudulent conduct, plaintiff comes to this Court with unclean hands and is therefore barred from obtaining equitable relief.

3. That with respect to plaintiff's claim for breach of contract, any alleged nonperformance on the part of FORD regarding the settlement agreement executed between plaintiff and FORD in January, 1989, is attributable to plaintiff's own failure to perform her obligations under that settlement agreement.

We do not find the defendants' first affirmative defense insufficient or improper. To begin, the Federal Rules of Civil Procedure generally require only notice pleading. *Roberts v. Acres,* 495 F.2d 57, 59 (7th Cir.1974). Notice pleadings need only apprise a party of the nature of a claim or defense to satisfy the pleading requirements. *Id.* The defendants' first affirmative defense sufficiently apprises the plaintiff of their intent to argue that the plaintiff failed to mitigate her damages.

Moreover, failure to mitigate damages is appropriately brought as an affirmative defense. *Fleming v. County of Kane, State of Illinois,* 898 F.2d 553, 560 (7th Cir.1990). Plaintiff asserts that defendants are not entitled to a speculative set-off from a back pay award. However, plaintiff's reliance on *United States v. Leeway Motor Freight, Inc.,* 625 F.2d 918 (10th Cir.1979), is misplaced. In *Leeway Motor Freight* the Tenth Circuit upheld the trial court's refusal after a trial to deduct amounts from the plaintiff's award for speculative and unproven work-related expenses like child-care and transportation. *Id.* at 935. In the present case, we are still at the pleading stage. As we have already noted, affirmative defenses generally need not be pled with particularity. However, once the plaintiff establishes her damages, the burden shifts to the defendants to prove that the plaintiff failed to mitigate those damages. *Fleming* 898 F.2d at 560. Therefore, we find that the defendants' failure to mitigate damages defense is sufficiently pled and need not be specifically proven at this time.

In addition, the plaintiff argues that the defendants are attempting to get a set-off from liability through their failure to mitigate damages defense. Though the defen-

dants did use the word liability in their first affirmative defense, it is clear to us that they are requesting a set-off from any damages the plaintiff might receive. Accordingly, we will not strike the defendants' first affirmative defense on this basis.

Next, the plaintiff moves to strike the defendants' second affirmative defense of "unclean hands" as inapplicable to Title VII claims as a matter of law. Plaintiff points out that in a Title VII cause of action, absent direct evidence of a discriminatory animus, the plaintiff must establish a prima facie case, then the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its actions. Once the employer meets her burden, the plaintiff is afforded the opportunity to show that the employer's stated reason was pretextual. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973). From this the plaintiff reasons that the affirmative defense of "unclean hands" is inappropriate for all Title VII claims. Indeed, the Seventh Circuit has found that "equitable defenses such as unclean hands may also have more limited play in free-speech cases" and other first amendment cases. *Shondel v. McDermott*, 775 F.2d 859, 869 (7th Cir.1985). However, the Court did not go so far as to say that the doctrine of "unclean hands" should never be allowed as an affirmative defense in Title VII suits. Moreover, at least one court in this circuit has applied the doctrine of unclean hands to bar a plaintiff's Title VII claim. *Women Employed v. Rinella & Rinella*, 468 F.Supp. 1123, 1128 (N.D.Ill.1979) (plaintiff denied equitable relief from sexual discrimination claim where, following her termination, she embarked on a program to harass and embarrass her former employer). Accordingly, we will not strike the defendants' defense of "unclean hands" as inapplicable to Title VII claims.

Still, plaintiff argues that the defendants' defense of "unclean hands" is not properly pled under Rule 9(b) which requires allegations of fraud to state the time, place, and specific contents of alleged false statements. *Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 737 (N.D.Ill.

1982); *Bruss Co. v. Allnet Communication Services, Inc.*, 606 F.Supp. 401, 405 (N.D.Ill.1985); Fed.R.Civ.P. 9(b). We agree that the defense is not pled with sufficient particularity. The time that the alleged fraud took place is not clear, the place is not specified, and the specific contents of the alleged false statements are not provided by the defendants in their second affirmative defense. Accordingly, the second affirmative defense must be stricken as improperly pled under Rule 9(b).

Finally, the plaintiff argues that the defendants' third affirmative defense is only a denial of the allegations in the complaint. Indeed, simply denying the allegations in the complaint is not a proper affirmative defense. *Instituto National De Comercializacion Agricola v. Continental Illinois National Bank and Trust Company*, 576 F.Supp. 985, 989 (N.D.Ill.1983). However, in the present case, this affirmative defense does more than deny the allegations in the complaint, it offers an excuse for the defendants' failure to perform any of their obligations under the settlement agreement. Under basic contract principles, a material breach of contract may be excused if the other party commits a material breach first. *American Hospital Supply Corp. v. Hospital Products Ltd.*, 780 F.2d 589, 599 (7th Cir.1986). Accordingly, we will not strike the defendants' third affirmative defense.