John K. FLASZA, Plaintiff,

v.

TNT HOLLAND MOTOR EXPRESS,
INC., a Michigan corporation,
Defendant.

No. 93 C 7315.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 15, 1994.

Donald S. Rothschild and Mark C. Gross, Goldstine, Skrodzki, Russian, Nemec & Hoff, Ltd., Summit, IL, for plaintiff.

Wilbert Francis Crowley, Brian James McCollam, Cowen, Crowley, Nord & Doane, P.C., Chicago, IL, and A. Read Cone, III, Dean & Fulkerson, P.C., Troy, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

John Flasza sues TNT Holland Motor Express, Ltd. ("TNT Holland") for handicap discrimination and retaliatory discharge. Flasza sues TNT Holland under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("the ADA"), and under Illinois statutory and common law. TNT has answered Flasza's complaint and asserts nine affirmative defenses. Flasza moves to strike eight of TNT Holland's affirmative defenses.

## BACKGROUND

In his complaint, Flasza alleges that TNT Holland hired him as a dock worker on July 17, 1992, and discharged him a month later, on August 21, 1992. Flasza alleges that shortly after he was hired, TNT Holland conducted a check into his background and discovered that he had been injured in a previous job and had filed several workers compensation claims. Flasza alleges that his injuries do not affect his ability to perform dock worker duties; Flasza alleges that his supervisors at TNT Holland complimented him on his job performance. Flasza alleges that TNT Holland discharged him because of Flasza's actual or perceived handicap and in retaliation for filing workers compensation claims.

TNT Holland has answered Flasza's complaint and asserts nine affirmative defenses. Flasza moves to strike eight of TNT Holland's nine defenses. See Fed.R.Civ.P. 12(f).

## DISCUSSION

### 1. Affirmative Defense Standards

In answering a complaint and asserting affirmative defenses under Fed. R.Civ.P. 8(c), a defendant concedes that the complaint states a claim, but contends that other facts nonetheless defeat recovery. See Amelio v. Yazoo Mfg. Co., 98 F.R.D. 691, 693 (N.D.Ill.1983). Under notice pleading, affirmative defenses need only apprise the plaintiff of the nature of the defense. See Carpenter v. Ford Motor Co., 761 F.Supp. 62, 65 (N.D.Ill.1991). Thus, when a party asserts an affirmative defense, a technical pleading failure is not fatal. See DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 334 (7th Cir.1987). However, affirmative defenses must meet the pleading requirements of Fed.R.Civ.P. 8(a). See Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir.1989). Accordingly, affirmative defenses must set forth a "short and plain statement" of the defense asserted. Id. (citing Fed.R.Civ.P. 8(a)). If

an affirmative defense is insufficient on its face, or comprises no more than "bare bones conclusory allegations," it must be stricken. *Id.* at 1294–95.

## 2. Challenged Defenses

■ TNT Holland's first affirmative defense is that Flasza fails to state a claim upon which relied can be granted. The defense is no more than a recitation of the standards for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). TNT Holland did not file a motion to dismiss; instead, it answered Flasza's complaint. Thus, TNT Holland concedes that Flasza states a cognizable claim. In its response to the motion to strike, TNT Holland contends that the first affirmative defense is directed solely at the third count of Flasza's complaint, and notifies Flasza of a future motion to dismiss. *See* Response at 6. TNT Holland's position is untenable. The first affirmative defense is a bare bones, conclusory allegation that Flasza fails to state a claim. It fails to notify Flasza of any specific infirmities in his complaint. The first affirmative defense must be stricken.

■ TNT Holland's second affirmative defense is that Flasza's ADA claim is barred by the statute of limitations. In answering the complaint, TNT Holland admits that jurisdiction is proper in this court and admits that Flasza filed a complaint with the Equal Employment Opportunity Commission (the "EEOC") on May 24, 1993—276 days after Flasza's discharge. In its response to the motion to strike, TNT Holland contends that the EEOC forwarded Flasza's claim to the wrong state and that the EEOC failed to notify TNT Holland of Flasza's claim in a timely manner. *See* Response at 4. The issues raised in the defense are disputed factual matters. Accordingly, TNT Holland's second affirmative defense must not be stricken.

■ TNT Holland's third affirmative defense is that Flasza's claims are barred because Flasza made deceptive and dishonest statements in his employment application. Employers in Title VII cases may assert a defense for so-called "resume fraud." *See Washington v. Lake County,* 969 F.2d 250, 255 (7th Cir.1992). If TNT Holland can es-

tablish that it fired Flasza because it discovered that he lied on his job application, it could successfully defeat Flasza's ADA claim. Accordingly, TNT Holland's third affirmative defense must not be stricken.

■ TNT Holland's fourth affirmative defense is that Flasza's claims are barred because Flasza does not show that he was qualified for the position from which he was fired. Under the ADA, TNT Holland may assert a defense that Flasza was not qualified for the position. *See* 42 U.S.C. § 12113. Whether Flasza indeed was qualified is a disputed issue of fact. Accordingly, TNT Holland's fourth affirmative defense must not be stricken.

■ TNT Holland's fifth affirmative defense is that Flasza is not entitled to compensatory and punitive damages under the Illinois Workers' Compensation Act, 820 ILCS 305/4(h). TNT Holland concedes that the defense is not an affirmative defense, *per se,* but an unsupported legal conclusion. Accordingly, TNT Holland's fifth affirmative defense must be stricken.

■ TNT Holland's seventh affirmative defense is that Flasza was a casual employee, as that term is defined in the collective bargaining agreement, and therefore Flasza had no right to continued employment. The defense involves disputed factual matters. Accordingly, TNT Holland's seventh affirmative defense must not be stricken.

■ TNT Holland's eighth affirmative defense is that Flasza was an at will employee who could be fired at any time. The defense is an unsupported legal conclusion and is an incorrect statement of the law. *See, e.g., Washington v. Lake County,* 969 F.2d 250, 256 (7th Cir.1992) (Title VII claim); *Palmateer v. International Harvester Co.,* 85 Ill.2d 124, 52 Ill.Dec. 13, 15, 421 N.E.2d 876, 878 (1981) (retaliatory discharge claim). Accordingly, TNT Holland's eighth affirmative defense must be stricken.

■ TNT Holland's ninth affirmative defense is that Flasza was less qualified than other applicants for the same position. The defense involves disputed factual matters.

Accordingly, TNT Holland's ninth affirmative defense must not be stricken.

## CONCLUSION

For the foregoing reasons, plaintiff John Flasza's motion to strike and dismiss certain affirmative defenses is granted in part. Defendant TNT Holland Motor Express, Inc.'s affirmative defenses 1, 5, and 8 are stricken.