CAROL ALMGREN, Plaintiff-Appellant, *v*. ARTHUR ENGELLAND,
Defendant-Appellee.

First District (1st Division)    No. 79-1998

Opinion filed March 23, 1981.

Arthur Rosenblum, of Chicago, for appellant.

David A. Epstein and Gary A. Weintraub, both of Jann, Caroll, Kruse, Sain &
Dolin, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff instituted an action for fraud against her former attorney. At
the close of all the evidence, defendant made a motion for a directed
verdict. Defendant's motion was granted. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred in directing a
verdict for defendant.

We affirm.

The uncle of Carol Almgren died and left her one-sixth of his estate.
Plaintiff retained defendant Arthur Engelland as her attorney to represent
her interests in that estate. Defendant previously had represented plaintiff
in a divorce suit and in a foreclosure proceeding.

Defendant advised plaintiff that since she would not receive any
money from the estate for a year or two, she should assign her interest to a
third party. Defendant contacted Fred Adams, who agreed to purchase
plaintiff's interest in the estate for $13,500. Plaintiff signed the assignment,
but claims she did not realize that she was selling her interest in the estate
when she did so.

Adams gave defendant two uncertified checks made payable to

plaintiff, one in the amount of $10,000 and one in the amount of $3,500. Plaintiff endorsed the two checks. (At trial, plaintiff admitted signing the two checks. Earlier, at a deposition, she denied signing any checks.) Defendant went to the issuing bank, had the $10,000 check certified, cashed it, and gave plaintiff $10,000. Later, he had the $3,500 check certified and cashed and gave the money to plaintiff. (Plaintiff claims that defendant did not give her the proceeds from either of the checks.)

The circuit court approved her assignment of interest. On the same day, plaintiff signed a receipt for $13,500. (Plaintiff claims that the receipt was totally blank when she signed it and denied that she was present in court that day.)

The value of the amount plaintiff would have received from her uncle's estate if she had not assigned her interest was $24,498. This amount was distributed to Adams.

The sole issue presented for our review is whether the trial court erred in directing a verdict for defendant at the close of all the evidence. The rule in Illinois governing directed verdicts was set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504:

> "[V]erdicts ought to be directed * * * only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

In the case at bar, the trial judge cited the *Pedrick* case as the basis of his ruling in defendant's favor on the motion for a directed verdict. We believe that based on the evidence, or lack thereof, the trial court properly applied the *Pedrick* standard.

The only evidence offered by plaintiff in support of her claim of fraud was her own uncorroborated testimony. The record reveals that at trial plaintiff gave testimony which was totally inconsistent with her own prior sworn statements.

An elaboration of one of the more glaring inconsistencies in plaintiff's testimony will demonstrate why a directed verdict was appropriate. At trial, plaintiff admitted that she had endorsed Adams' checks for $10,000 and $3,500. During depositions and at trial, plaintiff gave three different statements regarding the checks. First, she unequivocally stated that she never had signed either check given to her by defendant. Second, she claimed that she had signed the two checks, but that the State's Attorney's office had shown her a second set of checks for $10,000 and $3,500 bearing her forged signature. (Handwriting tests performed on the checks which plaintiff saw at the State's Attorney's office showed that the signatures on the two checks were in fact plaintiff's.) Third, she stated that there were actually three separate checks in the amount of $10,000, including: one introduced as an exhibit at trial bearing her forged sig-

nature, one she had been shown at the State's Attorney's office bearing her forged signature, and one she actually had signed but which was nowhere to be found.

■■ Plaintiff's testimony not only was inconsistent with her own prior sworn testimony, but also with defendant's unwavering testimony and with the documentary evidence presented at trial. All of the evidence, even when viewed in its aspect most favorable to plaintiff, so overwhelmingly favors defendant that no contrary verdict could ever stand. The trial court, therefore, properly directed a verdict in defendant's favor.

Additionally, we note that plaintiff failed to prove any actual misrepresentation. In order to establish a *prima facie* case in an action based on fraud, six requirements must be met: (1) the misrepresentation must be of a statement of fact; (2) it must be made for the purpose of influencing the other party to act; (3) it must be untrue; (4) the party making the statement must know or believe it to be untrue; (5) the person to whom it is made must believe and rely on the statement; and (6) the statement must be material. *Bennett v. Hodge* (1940), 374 Ill. 326, 332, 29 N.E.2d 524; *National Republic Bank v. National Homes Construction Corp.* (1978), 63 Ill. App. 3d 920, 924, 381 N.E.2d 15.

Plaintiff claims that defendant misrepresented to her several statements of fact, including: that it would take an appreciable amount of time to close the estate and for funds to be distributed; that plaintiff's creditors would take her legacy from her; and that she would receive $10,000 from the assignment of interest.

The record reflects that it took approximately 17 months before the estate was closed in March of 1972 and that plaintiff did in fact have many creditors. Clearly, these two statements by defendant do not constitute misrepresentations.

■■ With respect to defendant's alleged misrepresentations to plaintiff that she would receive $10,000 from the assignment of interest, we need only comment that plaintiff signed a written receipt for the money. A written receipt is *prima facie* evidence of the facts recited in it. It can be overcome only by a clear preponderance of the evidence. (*Ennis v. Pullman Palace Car Co.* (1896), 165 Ill. 161, 182, 46 N.E. 439.) Plaintiff produced no such evidence. We find that there was no misrepresentation and that the trial court, therefore, properly directed a verdict for defendant.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.