**In re Dr. James P. WOOD and Carol B. Wood, Debtors.**

**Dr. Arthur E. WOOD, III, Plaintiff/Appellee,**

**v.**

**Dr. James P. WOOD, Carol B. Wood, Woodrow Barham and Wayne Clinic, P.A., Defendants/Appellants.**

**Civ. A. No. E85–0228(L).**

United States District Court, S.D. Mississippi, E.D.

March 14, 1988.

Jacqueline C. Estes, Estes & Waide, Tupelo, Miss., for plaintiff/appellee.

Craig M. Geno, Bennett, Lotterhos, Sulser & Geno, Jackson, Miss., Stanford Young, Waynesboro, Miss., for defendants/appellants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on various motions filed by the defendants in this action. Defendants James P. Wood, Carol B. Wood and Wayne Clinic, P.A. have filed a motion requesting this court to abstain from hearing this adversary proceeding. Defendant Woodrow Barham has also moved for abstention and in addition moved to amend his answer to the complaint. Plaintiff Dr. Arthur E. Wood, III has filed responses to the motions to abstain but has not filed a response to the motion to amend. In rendering its decision, the court

has reviewed the memoranda and cases submitted by the parties.

On March 15, 1984, the Woods filed a voluntary bankruptcy petition pursuant to Chapter 11 in the United States Bankruptcy Court for the Southern District of Mississippi. Plaintiff Dr. Arthur E. Wood, III thereafter filed this adversary proceeding in the bankruptcy court against the debtors and two others, Barham and the Wayne Clinic. The complaint alleges state law claims of breach of fiduciary relationship, breach of contract, negligence, willful and malicious witholding of income and willful and malicious interference with business. The Woods and the Wayne Clinic counterclaimed alleging breach of contract and willful withholding of funds. All the actions which form the basis of the complaint occurred after the filing of the Woods' petition for relief under Chapter 11.

On May 29, 1985, defendants sought dismisal of the plaintiff's complaint for lack of subject matter jurisdiction in the bankruptcy court. The bankruptcy court denied that motion and held that the adversary proceeding was a core proceeding within the meaning of 28 U.S.C. § 157(b)(1). That ruling was appealed to this court which dismissed plaintiff's complaint for lack of subject matter jurisdiction, thereby reversing the bankruptcy court. That decision was appealed to the United States Court of Appeals for the Fifth Circuit which, on August 26, 1987, vacated and remanded the district court's order. *Matter of Wood,* 825 F.2d 90 (5th Cir.1987). The Fifth Circuit held that the action was within the bank-

ruptcy court's jurisdiction; that the non-debtor defendants were properly joined; and that the action was a related, non-core proceeding. In addition, the Fifth Circuit stated that on remand, the district court might consider discretionary abstention. *Wood,* 825 F.2d at 93, n. 14a.

Defendants have moved this court for permissive abstention pursuant to 28 U.S. C. § 1334 which provides in pertinent part:

> [n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

28 U.S.C. § 1334(c)(1).[1] Discretionary abstention is permissible only in non-core[2] proceedings. The Fifth Circuit in *Wood* determined that the instant adversary proceeding is a non-core proceeding. *Wood,* 825 F.2d at 97.

██ Plaintiff argues that the bankruptcy court, and not the district court, is the proper court to determine the propriety of abstention in the first instance, and that consideration of the issue by this court is not proper except on review of the findings of the bankruptcy court. In the court's opinion, this contention is without merit. The district court has subject matter jurisdiction to adjudicate abstention issues on behalf of the bankruptcy court. *In re Kreiss,* 58 B.R. 999, 1002 n. 2 (Bankr.E.D. N.Y.1986).[3] In fact, the Fifth Circuit in *Wood* directed that abstention may be con-

---

1. The same statute also provides for mandatory abstention in cases where the state court action is commenced prior to the bankruptcy court action. 28 U.S.C. § 1334(c)(2).

2. Section 1334 lists four types of matters over which the district court has jurisdiction: (1) cases under Title 11; (2) proceedings arising under Title 11; (3) proceedings arising in a case under Title 11; and (4) proceedings related to a case under Title 11. *Wood,* 825 F.2d at 92. The first category refers merely to the bankruptcy petition itself over which the district court and the applicable bankruptcy unit have original and exclusive jurisdiction. The remaining three categories are all classified as non-core proceedings over which the district court and the bankruptcy judge have limited judicial power. *Id.*

3. Bankruptcy Rule 5011(b) states that

    > [u]nless the district court judge orders otherwise, a motion for abstention pursuant to 28 U.S.C. § 1334(c) shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of that motion. The court shall serve forthwith a copy of the report and recommendation on the parties to the proceeding. (emphasis supplied)

    Rule 9033(b) of the bankruptcy code governs review of the bankruptcy judge's findings and conclusions and directs the district judge to review de novo those findings and conclusions to which specific written objections have been made.

sidered by this court. *Wood*, 825 F.2d at 93 n. 14a. Moreover, the court is familiar with the case *sub judice* and the relevant issues; thus judicial economy and expeditious disposition of this case would best be served by the court's consideration of the abstention issue without referring the matter to the bankruptcy court.

■ Plaintiff further argues that the court may not consider abstention in this case since abstention is an affirmative defense which was not properly raised as such. This argument is likewise without merit. Matters required to be raised as affirmative defenses are those which serve to totally defeat a plaintiff's claim. *See Instituto Nacional de Comercializacion Agricola v. Continental Illinois National Bank & Trust Co.*, 576 F.Supp. 985, 988 (N.D.Ill.1983). Abstention is more appropriately characterized as a discretionary exercise of subject matter jurisdiction.[4] Accordingly, it was not necessary that it have been affirmatively pled.[5]

■ Plaintiff next argues that abstention is not appropriate in the case *sub judice* because a motion was not timely made. However, while the provision governing mandatory abstention, 28 U.S.C. § 1334(c)(2), imposes time restraints on the making of a motion for abstention, the language of section 1334(c)(1) contains no such provision. Had the drafters of Section 1334(c) intended that both mandatory and permissive abstention be considered only on timely motion, both sections would have contained the relevant language. Moreover, the Fifth Circuit, by directing the district court to consider the abstention issue, clearly did not consider timeliness to be an impediment to such consideration.

Finally, it is argued that abstention is improper because the statute contains no indication that Congress intended to change the common law regarding absten-

tion and that under the general law concerning abstention, the district court should not abstain. *See In re Zamost*, 7 B.R. 859 (Bankr.S.D.Cal.1980). *In re Zamost* was decided prior to the Supreme Court's landmark decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which dramatically altered the statutory scheme governing bankruptcy matters, and in particular, jurisdictional matters, by declaring portions of the statute unconstitutional. This court is better advised to follow the Fifth Circuit's recently provided guidelines on discretionary abstention articulated in *Wood*, 825 F.2d at 92–93, which did not incorporate or even allude to the common law abstention doctrine.

■ The Fifth Circuit in *Wood* made note of this court's concern that an overbroad interpretation of Section 1334 could bring into federal court matters which are more properly left to state courts to decide. *Wood*, 825 F.2d at 93. Permissive abstention may be had in the interest of justice, in the interest of comity with state courts, or respect for state law. 28 U.S.C. § 1334(c)(1). The Fifth Circuit has characterized this case as one

> not based on any right created by the federal bankruptcy law. It is based on state created rights. Moreover, this suit is not a proceeding that could arise only in the context of a bankruptcy. It is simply a state contract action that, had there been no bankruptcy, would have proceeded in state court.

*Wood*, 825 F.2d at 97. The claims alleged in the complaint are all state law causes of action. This court concludes that each of the rationales under section 1334(c)(1) support abstention in this case because "bankruptcy courts should be reluctant to entertain questions which may be equally well resolved elsewhere." *Matter of Paso Del*

---

4. In addition, an affirmative defense is based in the common law concept of confession and avoidance. *See* 5 Wright & Miller *Federal Practice and Procedure* § 1270 (1969). The abstention question goes to the proper exercise of jurisdiction and does not relate to any determination of liability.

5. Because this court has determined that abstention need not be pled as an affirmative defense, it is unnecessary to consider on the merits the motion of Woodrow Barham to amend his answer to add abstention as an affirmative defense.

*Norte Oil Co.,* 755 F.2d 421, 425 (5th Cir. 1985) (quoting *First State Bank & Trust Co. v. Sand Springs State Bank,* 528 F.2d 350, 354 (10th Cir.1976)).

Accordingly, it is ordered that defendants' motions to abstain pursuant to 28 U.S.C. § 1334(c)(1) be granted and the cause be dismissed without prejudice. A separate judgment shall be submitted in accordance with Federal Rule of Civil Procedure 58.