**FLEET BUSINESS CREDIT CORPORATION f/k/a Sanwa Business Credit Corporation, a Delaware corporation Plaintiff,**

v.

**NATIONAL CITY LEASING CORPORATION, a Kentucky corporation, Defendant.**

No. 99 C 5501.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 20, 1999.

Jeffrey Eliot Altshul, Michael David Richmann, Sachnoff & Weaver, Ltd., Chicago, IL, Antony S. Burt, Cynthia Ann Fonner, Hopkins & Sutter, P.C., Chicago, IL, for Plaintiff.

Jeffrey S. Dunlap, Ulmer & Berne, Cleveland, OH, Daniel Patrick Hogan, Donald

Christopher Pasulka, Ross & Hardies, P.C., Chicago, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

Plaintiff Fleet Business Credit Corporation has filed a motion to strike the four affirmative defenses—failure to state a claim, laches, waiver and estoppel, and failure to mitigate damages—that defendant National City Leasing Corporation added to the end of its answer. Fleet claims that the "bare bones" nature of the defenses, stated without any additional allegations of fact, are insufficiently pled under the Federal Rules of Civil Procedure. Fleet also contends that two of the defenses—failure to state a claim and laches—are insufficient as a matter of law. For the following reasons, we grant in part and deny in part Fleet's motion.

This diversity case involves allegations that National City breached various representations and warranties in connection with a sale of equipment to Fleet. National City's affirmative defenses state only the most basic allegation of each cause of action, for example, the laches defense states "[p]laintiff's claims are barred, in whole or in part, by the doctrine of laches."[1] Fleet argues that such statements are insufficient in the Seventh Circuit, which requires that an affirmative defense contain a "short and plain statement of the defense,"[2] and not merely "bare bones conclusory allegations." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989).[3]

Because the Seventh Circuit has not decided any cases since *Heller* that clarify how much detail is required to successfully plead a particular affirmative defense, district courts have come to a variety of conclusions—often contradicting one another—

about whether an affirmative defense is sufficiently pled. We focus on those opinions which specifically examined the affirmative defenses relevant to this case in order to assess the sufficiency of National City's pleadings.

### 1. *Failure to State a Claim for Which Relief May be Granted*

In addition to claiming that National City's first affirmative defense is not sufficiently pled, Fleet also claims that the defense is insufficient as a matter of law, arguing that the proper way to make such an allegation is to file a Rule 12(b)(6) motion to dismiss. Some district courts agree with this proposition. *See, e.g., Instituto Nacional de Commercializacion Agricola (Indeca) v. Continental Ill. Nat'l Bank & Trust Co.*, 576 F.Supp. 985, 991 (N.D.Ill.1983). We prefer to follow those courts that recognize that Rules 12(b)(6) and 12(h)(2) give the defendant the option of presenting its failure to state a claim defense in a responsive pleading *or* in a separate motion. *See, e.g., Codest Engineering v. Hyatt Intern. Corp.*, 954 F.Supp. 1224, 1231 (N.D.Ill.1996). However, this decision is of no import because even though we will allow the defense, we find that it is not sufficiently pled, but instead is "no more than a recitation of the standard for a motion to dismiss." *Id.* (Striking the same affirmative defense for failing to identify any specific infirmities in the complaint).

### 2. *Laches*

We also find that National City has not sufficiently pled the defense of laches. National City does not cite any cases where courts allowed a laches defense based on such sparse pleading and we have found none. *See Israel Travel Advisory Service, Inc.*, No. 92 C 2379, 1992 WL 330023 at *1

---

**1.** National City's other defenses state, in their entirety: "The Complaint fails to state a claim upon which relief may be granted", "Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel", and "Plaintiff has failed to mitigate its damages, if any."

**2.** This is the same standard that is used to assess the sufficiency of allegations in a complaint under Fed.R.Civ.P. 8(a).

**3.** In *Heller*, the Seventh Circuit affirmed the striking of eleven affirmative defenses, four of which went to personal jurisdiction and venue and the rest of which dealt with the specific facts of the case. None of the *Heller* affirmative defenses were the same as those claimed by National City in this case.

(N.D.Ill. Nov. 5, 1992); *Pattern Makers' Pension Trust Fund v. Production Pattern Shop, Inc.*, No. 97 C 6524, 1998 WL 173299 at *1 (N.D.Ill. April 7, 1998). Furthermore, there is nothing in the complaint or answer that indicates the plaintiffs were dilatory in bringing this action. Fleet alleges that it entered into a purchase agreement with National City in March 1998 and discovered in May 1999 that National City had allegedly breached the agreement; Fleet filed suit in October 1999, less than five months later.[4]

### 3. *Waiver and Estoppel*

■ National City's bare bones allegation that Fleet's claim is barred "by the doctrines of waiver and estoppel" also fails to sufficiently plead the affirmative defense. *See Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 738 (N.D.Ill.1982); *Tome Engenharia E Transporrtes, Ltd. v. Malki*, No. 94 C 7427, 1996 WL 172286 at *10 (N.D.Ill. April 11, 1996). The only case we found to the contrary specifically emphasized that the elements of the defense could be inferred from the defendant's answer. *See Codest Engineering*, 954 F.Supp. at 1231. We can make no such inference from National City's answer, which provides little more than a general denial of Fleet's substantive claims. Keeping in mind that an affirmative defense, like any pleading, must give the other party fair notice of the nature of the claim, *see* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (1990), we hold that National City's waiver and estoppel defense is insufficiently pled.

### 4. *Failure to Mitigate*

■ Although National City's allegation that Fleet failed to mitigate its damages is as brief as its other affirmative defenses, the courts in this district have specifically found that in cases where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts. *See Sanchez v. La Rosa Del Monte Express, Inc.*, No. 94 C 3602, 1994 WL 603901 at *2 (N.D.Ill. Nov. 1, 1994); *Tome*, 1996 WL

172286 at *10. Only in *Codest* did the court strike an affirmative defense which alleged merely that the plaintiff had failed to mitigate its damages, finding specifically that "unlike *Sanchez*, this case is not at an early stage and some discovery has been taken." *Codest Engineering*, 954 F.Supp. at 1230. The case before us today is also in its early stages—it was filed in October 1999—so we will allow the failure to mitigate defense to remain.

In striking National City's first three affirmative defenses, we note that it is free to cure any technical deficiencies by amending its answer to allege additional facts. *See Bobbitt*, 532 F.Supp. at 737. To the extent that National City wishes to pursue its laches defense, it must also convince us that Ohio law allows such a defense in actions at law.

For the forgoing reasons, we grant Fleet's motion to strike National City's first, second and third affirmative defenses, and deny its motion to strike National City's fourth affirmative defense. It is so ordered.

---

4. We also note Fleet's argument that Ohio law disallows a laches defense in an action at law. Although the cases we found to support this proposition were unpublished and therefore cannot be cited as precedent, we did not find any cases to the contrary.