**DYNASTY APPAREL INDUSTRIES INC., Plaintiff,**

v.

**Richard RENTZ, Defendant.**

**Case No. C–3–00–571.**

United States District Court, S.D. Ohio, Western Division.

Feb. 13, 2002.

Dennis Rose, Cleveland, OH, Sidney Williams, Aaron Resnick, Columbus, OH, for plaintiff.

Ronald Kozar, Dayton, OH, for defendant.

## DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S AFFIRMATIVE DEFENSES (DOC. # 35)

RICE, Chief Judge.

This is the second lawsuit between these parties. Previously, Defendant Richard Rentz ("Rentz") sued, among others, Dynasty Apparel Industries, Inc. ("Dynasty"), seeking to recover a sum to which he believed he was entitled as a result of introducing the principals of Dynasty to Paul Warfield. *Rentz v. Dynasty Apparel Industries, Inc.,* Case No. C–3–96–205 (S.D.Ohio). That litigation resulted in a judgment in favor of Rentz. In June, 2000, the parties met in Cincinnati, Ohio, to discuss the possibility of a resolution of the dispute between them. According to Dynasty, they reached a settlement agreement on that date. When Rentz disagreed, Dynasty brought this lawsuit, requesting specific performance of the alleged settlement agreement. This case is now before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. # 35), with which it seeks summary judgment on Defendant's sixteen affirmative defenses. The Court begins its analysis by setting forth the standards which are applicable to all motions seeking summary judgment.

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party:

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323 106 S.Ct. 2548. *See also Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir.1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.") (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir.1995). Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed.R.Civ.P. 50). *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *See also Michigan Protection and Advocacy Service, Inc. v. Babin,* 18 F.3d 337, 341 (6th Cir.1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admis-

sions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson,* 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all *reasonable* inferences in the favor of that party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505 (emphasis added). If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure,* § 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). *See also L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc.,* 9 F.3d 561 (7th Cir.1993); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment....").

Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

As is indicated above, with its Motion for Partial Summary Judgment (Doc. # 35), Dynasty seeks judgment on the sixteen affirmative defenses Rentz has set forth in his Answer and Amended Answer.[1] As a means of analysis, the Court will address the Plaintiff's arguments in the order in which they are presented in its motion.[2] However, before engaging in that analysis, the Court will make two points. *First,* in its Decision of November 28, 2001 (Doc. # 56), the Court concluded that Rentz should be permitted to serve untimely responses to Dynasty's Requests for Admission. Consequently, the Court overruled Plaintiff's Motion for Summary Judgment (Doc. # 34), with which it had sought summary judgment on the claim set forth in its Complaint, because that motion was predicated upon Rentz's failure to deny its Requests for Admission. With the instant motion, Dynasty also relies upon Rentz's failure to respond to those Requests. This Court, based upon the same reasoning set forth in its Decision of November 28, 2001, rejects Dynasty's proposition that it is entitled to summary judgment on Rentz's affirmative defenses, because he failed to serve his responses to its Requests for Admission in a timely manner. Similarly, in ruling on the Motion at issue, no fact will be deemed established merely because Rentz failed to serve timely responses to Dynasty's Requests for Admission.

---

1. The first through fifteenth affirmative defenses are set forth in Rentz's Answer (Doc. # 4), while the sixteenth affirmative defense is contained in his Amended Answer (Doc. # 16).

2. Rentz has not opposed summary judgment on his tenth affirmative defense, laches, and on his fourteenth affirmative defense, statute of limitations, given that the Plaintiff alleges that the parties entered into the settlement agreement in June, 2000, and this litigation was initiated less than six months later, in December, 2000. *See*

Doc. # 41 at 11. In addition, Rentz has not opposed Dynasty's motion as it relates to his second affirmative defense, with which he alleges that Dynasty's damages were caused by its own actions, given than Dynasty seeks specific performance, rather than damages. *Id.* at 10. Accordingly, the Court sustains Plaintiff's Motion for Partial Summary Judgment (Doc. # 35), as it relates to Plaintiff's second, tenth and fourteenth affirmative defenses.

*Second,* the Plaintiff argues that it is entitled to summary judgment on some of Rentz's affirmative defenses, because he has plead them in conclusory fashion. Plaintiff could have tested the legal sufficiency of Rentz's pleading by filing a motion to strike the Defendant's affirmative defenses, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure; however, the time to file motions directed at the pleadings has expired. The Plaintiff's Motion for Partial Summary Judgment questions whether genuine issues of material fact exist as to one or more or all of Rentz's affirmative defenses. A motion for summary judgment is not the proper vehicle with which to test the legal sufficiency of a pleading. Moreover, Dynasty has had ample opportunity to conduct discovery on the affirmative defenses, in order to ascertain the basis for them. Therefore, the Court will not sustain the Plaintiff's motion, solely because the Defendant has plead some of his affirmative defenses in a conclusory manner. In addition, even if the Court agreed with the Plaintiff that Rentz has set forth some affirmative defenses in that fashion, the remedy would be to permit him to file an amended answer, adding flesh to the deficiently plead defenses.

Dynasty seeks summary judgment on, among others, Rentz's third, sixth, seventh, ninth and eleventh affirmative defenses. In its Complaint, Dynasty alleges that the parties entered into a settlement agreement, a type of contract. With his third and sixth affirmative defenses, Rentz alleges that there is no contract between the parties, because there was no meeting of the minds between them. With his seventh and ninth affirmative defenses, Rentz alleges, respectively, that no agreement exists because the essential terms of the alleged agreement are ambiguous (seventh) and because mutual assent is missing (ninth). With his eleventh affirmative defense, Rentz alleges that he has a right to rescission based upon Dynasty's failure to perform essential terms of or conditions precedent to the alleged agreement. Dynasty argues that it must prove at trial the matters set forth in those five defenses, in order to prevail on its claim that the parties entered into a settlement agreement, instead of those allegations constituting affir-

mative defenses which Rentz must prove. Therefore, Dynasty contends that it is entitled to summary judgment on those five affirmative defenses The Court agrees with Dynasty that it is entitled to summary judgment on Rentz's third, sixth, seventh and ninth affirmative defenses; however, it disagrees with regard to the eleventh.

Affirmative defenses are governed by Rule 8(c) of the Federal Rules of Civil Procedure, which provides in pertinent part:

> (c) *Affirmative Defenses.* In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and *any other matter constituting an avoidance or affirmative defense.*

(Emphasis added). Rentz's third, sixth, seventh and ninth affirmative defenses are not matters constituting an avoidance; rather, they are matters which the Plaintiff must prove in order to prevail on its contract claim. *See Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42, 44 (1994) (noting that the elements which the plaintiff must establish in a breach of contract action include "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff"). The affirmative defenses that there was no meeting of the minds, that the essential terms are ambiguous and that mutual assent was missing go to the question of whether a contract between Dynasty and Rentz existed. *See Nilavar v. Osborn,* 127 Ohio App.3d 1, 11, 711 N.E.2d 726, 732 (1998) (noting that to prove the existence of a contract, a plaintiff must show the elements of mutual assent and consideration, that there was a meeting of the minds and that the contract was definite as to its essential terms). In sum, since Dynasty must establish the allegations comprising Rentz's third, sixth, seventh and ninth affirmative defenses as part of its claim, they are not affirmative defenses. Ac-

cordingly, the Court sustains the Plaintiff's Motion for Partial Summary Judgment (Doc. # 35), as it relates to those defenses. In so concluding, the Court is not indicating that the evidence establishes that there was a meeting of the minds and mutual assent or that the essential terms of the alleged agreement are free from ambiguity. Rather, the Court merely holds that those are matters that must be proven by Dynasty at trial, rather than constituting affirmative defenses upon which Rentz has the burden of proof.[3]

Rentz's eleventh affirmative defense, like his third, sixth and ninth, does not constitute an avoidance. Even though Rentz does not have the burden of proving the matter set forth in Rentz's eleventh affirmative defense, the Court will overrule Dynasty's Motion for Partial Summary Judgment (Doc. # 35), as it relates to that defense. With that defense, Rentz alleges that Dynasty failed to perform certain conditions precedent to the execution of the contract, and, therefore, he has a right of rescission with regard to same. Pleading conditions precedent is governed by Rule 9(c) of the Federal Rules of Civil Procedure, which provides:

> (c) *Conditions Precedent.* In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

Since Rentz's eleventh affirmative defense is an effort to comply with the command set forth in the second sentence of Rule 9(c), the Court will not grant summary judgment to Dynasty on that defense, even though Dynasty must prove at trial that it preformed all conditions precedent to the validity of the alleged contract.

■ With his first affirmative defense, Rentz states that Dynasty's Complaint fails to state a claim upon which relief can be granted. Dynasty moves for summary judgment on this defense, arguing that the de-

fense of failure to state a claim upon which relief can be granted is not a true affirmative defense. In support of that argument, Dynasty relies upon the dicta found in *Instituto Nacional de Commercializacion Agricola v. Continental Ill. Nat'l Bank & Trust Co.*, 576 F.Supp. 985, 991 (N.D.Ill.1983). Therein, the plaintiff moved to strike the defendant's affirmative defenses, including one under Fed. R.Civ.P. 12(b)(6). The District Court noted that it had previously overruled the defendant's motion to dismiss, filed pursuant to Rule 12(b)(6), and struck the defense. In dicta, the court indicated that the defense of failure to state a claim upon which relief can be granted is not a proper affirmative defense under Rule 8(c). Other courts have recognized that the defense of failure to state a claim upon which relief can be granted *is* a proper affirmative defense, because Rules 12(b)(6) and 12(h)(2) give the defendant the option of presenting that defense by way of a motion or in a responsive pleading. *See e.g., Fleet Bus. Credit Corp. v. Nat'l City Leasing Corp.*, 191 F.R.D. 568, 569 (N.D.Ill.1999); *Codest Engineering v. Hyatt Intern. Corp.*, 954 F.Supp. 1224, 1231 (N.D.Ill.1996). This Court finds the latter line of authority to be more persuasive than the dicta contained in *Instituto Nacional.* Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted can be made in any pleading permitted under Rule 7(a). An answer is a pleading permitted by Rule 7(a). If this Court were to follow the dicta contained in *Instituto Nacional*, it would be required to ignore Rule 12(h)(2), which expressly authorizes a defendant to include the defense of failure to state a claim upon which relief can be granted in its answer. Accordingly, the Court overrules Plaintiff's Motion for Partial Summary Judgment (Doc. # 35), as it relates to the first affirmative defense.

■ With his fourth affirmative defense, Rentz asserts that the alleged settlement

---

**3.** With his fifth affirmative defense, Rentz alleges that no agreement between the parties exists, because of a lack of consideration. Consideration is one of the elements Plaintiff must prove, in order to demonstrate that a contract between the parties existed. *Nilavar, supra.* Consequent-

ly, for the reasons that the Court has sustained Plaintiff's Motion for Partial Summary Judgment (Doc. # 35), as it relates to the third, sixth, seventh and ninth affirmative defenses, it sustains that motion, as it relates to the fifth affirmative defense, as well.

agreement is void, because it fails to comply with the statute of frauds. Ohio's statute of frauds is found in Ohio Revised Code § 1335.05, which provides:

> No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person; nor to charge an executor or administrator upon a special promise to answer damages out of his own estate; nor to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

Dynasty argues that it is entitled to summary judgment on this affirmative defense, because the statute of frauds is inapplicable to the settlement agreement into which the parties entered. Section 1335.05 lists a number of types of contracts which must be in writing. The only type which could be applicable herein is "an agreement that is not to be performed within one year from the making thereof." Dynasty argues that the settlement agreement between the parties could have been performed within one year; therefore, it is not within the statute of frauds.[4] In particular, Dynasty relies upon *Sherman v. Haines*, 73 Ohio St.3d 125, 652 N.E.2d 698 (1995), wherein the Ohio Supreme Court wrote:

> For over a century, the "not to be performed within one year" provision of the Statute of Frauds, in Ohio and elsewhere, has been given a literal and narrow construction. The provision applies only to agreements which, by their terms, cannot be fully performed within a year, and not to agreements which may possibly be performed within a year. Thus, where the time for performance under an agreement is indefinite, or is dependent upon a contingency which may or may not happen within a year, the agreement does not fall within the Statute of Frauds.

*id.* at 127, 652 N.E.2d at 699. Herein, the parties dispute whether they entered into a settlement agreement and, if so, the terms of that agreement. In the absence of findings as to the terms of the agreement, this Court is unable to ascertain whether or not the settlement agreement can be fully performed within a year .and, thus, whether the "not to be performed within one year" provision of the statute of frauds is applicable.

Accordingly, the Court overrules the Plaintiff's Motion for Partial Summary Judgment (Doc. # 35), as it relates to Rentz's statute of frauds defense set forth in his fourth affirmative defense.[5]

With his twelfth and thirteenth affirmative defenses, Rentz contends that the alleged settlement agreement is barred by waiver and estoppel. Dynasty argues that it is entitled to summary judgment on these defenses, because they have been plead in conclusory fashion. Above, this Court has indicated that it will not sustain the Plaintiff's motion, solely because Rentz may have plead a particular affirmative defense in that manner. In addition, Rentz has added flesh to these defenses in his opposing memorandum:

---

**4.** Dynasty also argues it is entitled to summary judgment on Rentz's statute of frauds defense, as a result of its partial performance. The Court cannot agree with Dynasty that the doctrine of partial performance is applicable in this case. In *Hodges v. Ettinger*, 127 Ohio St. 460, 189 N.E. 113 (1934), the Ohio Supreme Court held that the doctrine of partial performance is applicable only to contracts involving real estate or promises to marry.

**5.** With his eighth affirmative defense, Rentz alleges that "[n]o agreement between the parties exists because Plaintiff's allegations concern an oral agreement which cannot be based on the occurrence of a future event." Doc. # 4 at 4. In his opposing memorandum, Rentz states that his eighth affirmative defense "rephrases the statute of frauds defense." Doc. # 41 at 11. Although Rentz has not explained why it is necessary to plead an affirmative defense twice, the Court overrules the Plaintiff's Motion for Partial Summary Judgment (Doc. # 35), as it relates to the eighth affirmative defense.

Rentz's twelfth and thirteenth affirmative defenses—waiver and estoppel—are valid and should not be stricken. Dynasty's knowing failure to tender $210,000 to Rentz by the alleged July 14, 2000 deadline waived whatever right Dynasty may once have had to seek enforcement of the alleged settlement. Moreover, because Rentz relied on Dynasty's own default by, among other things, seeking to reopen settlement negotiations and moving under FRCP 70 to enforce the prospective, unliquidated portion of his judgment, Dynasty is estopped to seek enforcement of the alleged settlement.

Doc. # 41 at 11. Accordingly, the Court overrules Plaintiff's Motion for Partial Summary Judgment (Doc. # 35), as it relates to the twelfth and thirteenth affirmative defenses. However, the Court will not permit Rentz to introduce evidence or argument to establish those defenses other than pursuant to the theory described in his opposing memorandum (Doc. # 41).

With his fifteenth affirmative defense, Rentz contends that the alleged settlement agreement "was fraudulently induced by misrepresentation, concealment and fraudulent representations made by agents of the corporate Plaintiff concerning Dynasty's true financial condition." Doc. # 4 at 5. Dynasty argues that it is entitled to summary judgment on this affirmative defense, because it fails to comply with the pleading requirements for fraud set forth in Rule 9(b) of the Federal Rules of Civil Procedure.[6] Since Dynasty has moved for summary judgment on this affirmative defense, rather than having filed a motion to strike under Rule 12(f), this Court overrules the Plaintiff's Motion for Partial Summary Judgment (Doc. # 35), as it relates to Rentz's fifteenth affirmative defense.

With his sixteenth affirmative defense, Rentz alleges that this litigation must be dismissed for failure to join indispensable parties, to wit: Dynasty's principals, Armando and Ignacio Mendez.[7] In its Decision of November 28, 2001 (Doc. # 56), this Court overruled Rentz's motion, requesting that the Court order that the Mendez brothers be joined as Plaintiffs in this litigation. Since the Court has previously rejected Rentz's argument that the Mendez brothers are indispensable and, therefore, must be joined as Plaintiffs in this litigation, it sustains Dynasty's Motion for Partial Summary Judgment (Doc. # 35), as it relates to the sixteenth affirmative defense.

As a result of the foregoing, the following affirmative defenses plead by Rentz remain viable in this litigation, to wit: the first (failure to state a claim upon which relief can be granted), the fourth (statute of frauds), the twelfth (waiver), the thirteenth (estoppel) and the fifteenth (fraud). In addition, the Court has overruled Dynasty's Motion for Partial Summary Judgment as it relates to Rentz's eleventh affirmative defense, i.e., that he has a right to rescission based upon Dynasty's failure to perform essential terms of or conditions precedent to the alleged agreement. The Court has noted that the eleventh affirmative defense is an effort to comply with the requirements of Rule 9(c) and that Rentz does not have the burden of proof with respect to the matters alleged with that defense.

---

6. Rule 9(b) provides:
(b) *Fraud, Mistake, Condition of the Mind.* In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

7. Rentz's sixteenth affirmative defense is set forth in his Amended Answer (Doc. # 16).